UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEVON T. WHITE,

Plaintiff,

v.

GAVIN NEWSOM, *et al.*,

Defendants.

Case No.  2:25-cv-3394-TLN-JDP (P)

ORDER

Plaintiff, a state prisoner, alleges that numerous defendants, including Governor Gavin Newsom and the United States itself, have perpetrated a "void judgment" against him and falsely imprisoned him. ECF No. 1 at 5-6.  These allegations are insufficient to proceed past screening, and I will dismiss the complaint with leave to amend.  I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 4, and deny his motion to change venue, ECF No. 5.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that state and federal actors have obtained a void judgment against him and falsely imprisoned him. ECF No. 1 at 5-6. First, and at a basic level, plaintiff has failed to allege the specifics of his claim. He does not state what judgment he is referring to or how each defendant was involved in obtaining it or otherwise violating his rights. Second, to the extent that plaintiff is challenging a criminal conviction, he must do so in a habeas action, not one proceeding under section 1983.

I will give plaintiff an opportunity to amend so that he may address these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v.*

2

*Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

## Motion to Change Venue

I will also deny plaintiff's motion to change venue, ECF No. 5.  Therein, he asks that this case be transferred to a federal court in Oklahoma, as he believes that he will be unable to obtain a fair trial in this state.  *Id.* at 2.  Plaintiff's request is denied.  First, as stated above, his complaint is deficient, and there is, as yet, no actionable claim.  Second, he provides no convincing argument or evidence that a fair trial is impossible in a federal court in California.

## Motion for Order Preventing Transfer

Plaintiff's motion for order preventing transfer, ECF No. 9, is also denied.  Therein, he requests that I order that he not be transferred while this litigation is ongoing.  I decline to do so.  He has failed to allege specific facts showing he would be denied access to the courts in the event of a transfer.  While he mentions the possible loss of legal materials and issues with prison mail, these problems appear, at this juncture, purely hypothetical.  Moreover, prisoners in this district (and elsewhere) routinely litigate their cases under these conditions.  If plaintiff needs an extension of time due to a transfer, he may file a properly supported motion requesting one.  I also decline to issue an order directing the California Department of Corrections and Rehabilitation to offer him "uninterrupted" access legal property, law library access, and court correspondence.  *Id.* at 1.  Plaintiff may, however, show this order to any appropriate staff as proof that he is litigating a federal action and that he should, as the law demands, be offered resources sufficient to ensure his access to the courts.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

3

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is GRANTED.

6. Plaintiff's motion to change venue, ECF No. 5, and motion for order, ECF No. 9, are DENIED.

IT IS SO ORDERED.


Dated:    February 5, 2026    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE