UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVON T. WHITE, | Case No.  2:25-cv-3394-TLN-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| GAVIN NEWSOM, *et al.*, | |
| Defendants. | |

Plaintiff, a state prisoner, alleges that his due process rights are being violated because defendants have failed to implement his sentence correctly, thereby prolonging his incarceration. ECF No. 14 at 3-4.  He brought this action as a section 1983 action, but such claims are unsuited to proceed under this provision, insofar as it appears that success would necessarily result in an earlier release from prison; his claims, as articulated, should be brought in a habeas action.  I will dismiss the complaint with leave to amend so that plaintiff may either file an amended complaint explaining why his claims should proceed under section 1983 or file a federal habeas petition.

1

**Screening Order**

**I.      Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that he was convicted in state superior court in 2018.  ECF No. 14 at 3. He claims that one of the counts on which he was convicted was stayed under state law.  *Id.*  He alleges that the California Department of Corrections and Rehabilitation has acknowledged that

2

the count was stayed but has failed to update his record to reflect this fact. *Id.* Plaintiff alleges that, by failing to correct the error, defendants have prolonged his sentence. *Id.* at 4 ("As a result of defendant's failure to review or correct the alleged inconsistency in commitment documents after receiving notice, Plaintiff remains in custody. Plaintiff continues to experience loss of liberty and the restrictions associated with incarceration."). Claims that, if successful, would necessarily result in immediate or earlier release from prison must be brought in a habeas action, not one under section 1983. *See Nettles v. Grounds*, 830 F.3d 922, 927-30 (9th Cir. 2016).

I will dismiss the complaint with leave to amend so that plaintiff may address the question of whether success in this action would necessarily result in immediate or earlier release. If the answer to this question is yes, then he should file a habeas petition. If the answer is no, plaintiff should explain the particulars of his situation, including why success would not lead to earlier release, and file an amended complaint. He is advised that any amended filing will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended filing should be titled either "Habeas Petition" or "Second Amended Complaint," and, whatever form of document he files, he must refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint, ECF No. 14, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) a habeas petition, (2) an amended complaint or (3) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file one of the foregoing options may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a section 1983 complaint form and a habeas petition form with this order. Plaintiff is advised that only one should be returned.

IT IS SO ORDERED.


Dated:    March 12, 2026                          _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE