UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEVON T. WHITE,

   Plaintiff,

  v.

GAVIN NEWSOM, *et al.*,

   Defendants.

Case No.  2:25-cv-3394-TLN-JDP (P)

FINDINGS AND RECOMMENDATIONS

This section 1983 action proceeds on plaintiff's second amended complaint.  ECF No. 18. Therein, plaintiff, a state prisoner, alleges that defendants have violated his rights by failing to apply the correct criminal sentence as pronounced by the state court.  *Id.* at 3-4.  As I previously advised plaintiff, this claim is not cognizable in a section 1983 action.  Accordingly, I now recommend that this action be dismissed.

   I.  Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.     Analysis

Plaintiff alleges that he was convicted in California state court in 2018, and that, under the terms of his sentence, his determinate prison term was stayed. ECF No. 18 at 3. He also claims that his sentence granted him parole. *Id.* He alleges, however, that prison officials have not applied this sentence correctly and that he is being forced to serve a "prison term that should not be operative." *Id.* Plaintiff explicitly states that he has "repeatedly informed prison officials that the abstract of judgment does not support continued imprisonment." *Id.* at 4.

In my previous screening order, I advised plaintiff that claims that, if successful, would necessarily result in immediate or earlier release from prison must be brought in a habeas action,

2

not one under section 1983. *See Nettles v. Grounds*, 830 F.3d 922, 927-30 (9th Cir. 2016). I advised him that he could file a habeas petition challenging his sentence calculation, or explain why this action should still proceed under section 1983. ECF No. 17 at 3. His amended complaint fails to make the case that this action can proceed under section 1983. Plaintiff does state that he is not seeking immediate release, ECF No. 18 at 4, but the form of relief sought does not matter if success on his claims would show his confinement to be invalid. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). And such implied invalidity appears to be the case here since, as noted above, plaintiff has claimed that, if his records were corrected, his continued imprisonment would not be legally supportable.

I have already offered plaintiff an opportunity to file a habeas petition, and he has declined to do so.

Accordingly, I now RECOMMEND that the second amended complaint, ECF No. 18, be DISMISSED without leave to amend as non-cognizable under section 1983.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    April 27, 2026    

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE